Skidmore *v.* Clark.

<hr/>

PHILO H. SKIDMORE *vs.* DAVID B. CLARK AND ANOTHER.

In the trial of an action by the holder of a promissory note against the makers it was claimed by the defendants that the plaintiff, when he took the note, abstained from making inquiry about it from fear that he should find it to have been fraudulently obtained. He testified as a witness, and his counsel asked him whether, when he took the note, he had any suspicion that it could be impeached by the makers or that it would not be paid by them at maturity. Upon objection by the defendants the court ruled out the question. Held to be ground for granting the plaintiff a new trial.

Skidmore *v.* Clark.

And held that the ruling could not be sustained as an exercise of discretion in not allowing evidence to be repeated, since the objection was taken wholly on the ground of its inadmissibility, and the import of the record was that it was excluded on that ground.

To refuse a new trial on the ground that a ruling of the court has done no injustice, the court must see clearly that such is the case.

ASSUMPSIT on a promissory note, by a holder against the makers; brought to the Court of Common Pleas of Fairfield County, and tried to the jury, on the general issue with notice, before *Beers, J.* Verdict for the defendants, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*G. Stoddard,* in support of the motion.

*R. E. DeForest,* contra.

CARPENTER, J. This is an action by the indorsee of a negotiable promissory note against the makers. The defense was that the note was procured by fraud, and the question for the jury was whether the plaintiff, at the time he purchased the note, had knowledge of the fraud. It seems that it was not claimed that he had actual and specific knowledge, but it was contended that the circumstances were such that he was justly chargeable with knowledge generally that the note was fraudulent. To be more specific, it was claimed that the suspicious circumstances were such as to invite inquiry, and that the plaintiff abstained from making it for fear that he should discover that the note had been fraudulently obtained and could not be collected.

In relation to these circumstances the plaintiff as a witness was cross-examined, and stated among other things that he "did not expect any trouble from these notes," (including the note in suit); "it never crossed his mind;" "that he did not distrust the notes and did not have any doubts about the genuineness of the signatures." But he did not say explicitly that he did not suspect that the notes were obtained by fraud, and that he had no suspicions that they would not be paid at maturity by the makers. To call out such testimony fully

Skidmore *v.* Clark.

and clearly from the witness his own counsel put the following questions:—1st. "State whether at the time you purchased the Clark & Beach note you had any suspicion that the note could be impeached by the makers?"—2d. "State whether at the time you had any suspicion that the Clark & Beach note would not be paid at maturity by the makers?" Upon objection by the defense the court ruled that the questions were inadmissible.

The record does not disclose the ground on which the objection was made and sustained, and we are unable to conceive of any sufficient reason for excluding the evidence. What was in the mind of the plaintiff at the time he purchased the note was the important question. It is true the jury were not bound to take the plaintiff's declarations as necessarily true; they might notwithstanding, if the circumstances would justify, find, as an inference from other facts, that he did know that the note was obtained by fraud. Nevertheless we think that the plaintiff was entitled to have his testimony go to the jury to be considered with the other evidence, and that the exclusion of it was error.

It is urged in behalf of the defense that a new trial should not be granted, for the reason that the court simply exercised its discretion in not allowing testimony to be repeated. It can hardly be regarded as mere repetition. Moreover it was not placed on that ground. If it had been so that the jury would understand that the evidence was admissible and excluded because it had already been given to them, we should be inclined to regard the suggestion with more favor. But the import of the record is that it was excluded because it was inadmissible.

It is also suggested that the verdict is consistent with the facts of the case, and that manifest justice was done. It is quite possible that the verdict would have been the same if the evidence had been received, but it is by no means clear. It might have been the other way, and therefore injustice may have been done.

A new trial is advised.

In this opinion the other judges concurred.